```
                                        ┌─ ORIGINAL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA         :

         -v.-                    :    SEALED INDICTMENT

SOHAIL KHAN,                     :
   a/k/a "Suhail Khan,"               09 Cr. _____
                                 :
                   Defendant.         09 CRIM. 1067
                                 :
- - - - - - - - - - - - - - - - - -x
```

### COUNT ONE

(Wire Fraud)

The Grand Jury charges:

#### Background

1.   At all times relevant to the Indictment, SOHAIL KHAN, a/k/a "Suhail Khan," the defendant, was the owner and manager of Telecorp, Inc. ("Telecorp") which was incorporated in or about 1999 in New York State, and Saisma Telecommunications, Inc. ("Saisma Telecom"), which was incorporated in or about 2000 in New York State. Both Telecorp and Saisma Telecom had offices in New York, New York.

2.   At all times relevant to the Indictment, Telecorp and Saisma Telecom were in the business of providing international call termination, which is also known as call connection services. Such call termination or connection services were necessary because telephone carriers did not have direct relationships to exchange call traffic with every other carrier. As a result, international telephone calls made by a

caller in one market frequently did not connect directly with the local provider in the destination market for the call. Accordingly, carriers used other intermediary carriers to terminate, or connect, calls.  Thus, a call often passed through several service providers, including certain providers who acted as wholesalers or transit carriers by aggregating traffic from several sources and directing the call toward its destination, which was the provider in the destination market that served the mobile or fixed-line number that had been called.

    3. At all times relevant to this Indictment, Arbinet-thexchange ("Arbinet") and Frontline Communications International, Inc. ("Frontline") operated as brokerage houses that provided a marketplace for call termination or connection services, and in particular for wholesalers of international voice traffic to connect with retail providers and one another. Among other things, Arbinet and Frontline provided anonymous marketplaces that enabled members to buy, sell, route, manage and settle international voice traffic.

    4. At all times relevant to this Indictment, Saisma Telecom was a member of Arbinet and Frontline.

    5. At all times relevant to this Indictment, Telecorp and Saisma Telecom each maintained two accounts at J.P. Morgan Chase Bank in New York, New York (the "Telecorp 4565 Account," the "Telecorp 9665 Account," the "Saisma Telecom 0965 Account,"

and the "Saisma Telecom 6265 Account," respectively). SOHAIL KHAN, a/k/a "Suhail Khan," the defendant, was the sole signatory on those accounts.

### The Scheme to Defraud

6.   From in or about late 2002 through in or about February 2004, Saisma Telecom sold call termination services through Frontline. Frontline routed international calls over telephone lines to Saisma Telecom to be terminated, and paid Saisma Telecom an aggregate of approximately $2,400,000 for terminating those calls. Frontline's payments were transferred by wire from its HSBC Bank account to the Saisma Telecom 0965 Account.

7.   From in or about 2003 through in or about November 2004, Saisma Telecom also sold call termination services through Arbinet. Arbinet routed international calls to Saisma Telecom to be terminated, and paid Saisma Telecom approximately $3,500,000 for terminating those calls. Arbinet's payments were transferred by wire from its Silicon Valley Bank account in California to the Saisma Telecom 0965 Account and the Saisma Telecom 6265 Account in New York, New York, including, but not limited to, a wire transfer to the Saisma Telecom 6265 Account on or about November 9, 2004, in the amount of $17,522.54.

8.   In order to terminate (or connect) the calls for which Saisma Telecom was paid millions of dollars, SOHAIL KHAN, a/k/a "Suhail Khan," the defendant, established or caused to be

established accounts for Telecorp and numerous other companies that KHAN created (collectively, the "Shell Companies") with major telephone service providers, including Verizon Communications, Inc. ("Verizon"), XO Communications, Inc. ("XO"), and AT&T Corporation ("AT&T") (collectively, the "Phone Companies"). The Shell Companies were located in various offices in New York City, including several in Manhattan, and in New Jersey. Although the Shell Companies were owned by nominees, they were in fact controlled in whole or in part by KHAN.

9. In furtherance of the scheme to defraud, SOHAIL KHAN, a/k/a "Suhail Khan," the defendant, caused international calls that Arbinet and Frontline routed to Saisma Telecom to be re-routed through Telecorp and the Shell Companies, and then routed, in turn, to the Phone Companies for termination, using the accounts KHAN established with the Phone Companies. KHAN caused those calls to be re-routed to the Phone Companies to be terminated, knowing and intending that Telecorp and the Shell Companies would not pay, or would pay only a small fraction of, the call termination fees due and owing to the Phone Companies. Instead, KHAN kept a substantial portion of the millions of dollars in fees that Saisma Telecom was paid by Arbinet and Frontline to terminate calls. In the aggregate, KHAN intentionally caused a loss of more than $10 million to the Phone Companies in the form of unpaid call termination fees.

10.  In furtherance of the scheme to defraud the Phone Companies, KHAN initially re-routed only a low volume of calls from Telecorp or a particular Shall Company to the Phone Companies during the first few months after he had established accounts in Telecorp or a particular Shell Company.  After several months of this low-volume operation, and thus after KHAN had lulled the Phone Companies into believing that the account opened in the name of Telecorp or a particular Shell Company was legitimate, KHAN usually increased the call volume re-routed to the Phone Companies through Telecorp or the particular Shell Company exponentially for approximately two to three months, essentially "busting out" the account with the Phone Company, after which point KHAN stopped routing call traffic through the account.

11.  In order to create the appearance that Saisma Telecom was a legitimate business, SOHAIL KHAN, a/k/a "Suhail Khan," the defendant, transferred, in the aggregate, millions of dollars by check and wire transfer from the Saisma Telecom 6265 Account and the Saisma Telecom 0965 Account to bank accounts in the name of Telecorp and the Shell Companies (collectively, the "Shell Accounts").

12.  In furtherance of the scheme to defraud, SOHAIL KHAN, a/k/a "Suhail Khan," the defendant, falsely indicated on the majority of the Saisma Telecom checks that the payments to Telecorp and the Shell Companies were for "carrier services"

when, in truth and in fact, KHAN knew and intended that Telecorp and the Shell Companies would not use the payments from Saisma Telecom to pay the Phone Companies for call termination services. Instead, KHAN caused a substantial portion of the funds in the Shell Accounts to be transferred back to himself, to an entity he controlled called Sohail Khan Productions, Inc., to his spouse and friends, and to entities other than the Phone Companies.

### Statutory Allegation

13. From in or about 2002 through in or about November 2004, in the Southern District of New York and elsewhere, SOHAIL KHAN, a/k/a "Suhail Khan," the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, KHAN devised and executed a scheme to defraud the Phone Companies by obtaining over $10 million of call termination services without payment through the use of Shell Companies and other devices, thereby misappropriating millions of dollars in fees paid to entities he controlled and, in the course of executing such scheme, caused various funds to be sent by interstate wire transfer.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT TWO

(Money Laundering)

The Grand Jury further charges:

14. The allegations in paragraphs 1 through 12 are repeated, re-alleged and reincorporated as if set forth fully herein.

15. On or about November 15, 2004, in the Southern District of New York and elsewhere, SOHAIL KHAN, a/k/a "Suhail Khan," the defendant, unlawfully, willfully and knowingly did engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, to wit, KHAN issued a check in the amount of $13,000, payable to Digitech Inc., which was drawn on the Saisma Telecom 6265 Account.

(Title 18, United States Code, Sections 1957 and 2.)

## FORFEITURE ALLEGATION AS TO COUNT ONE

16. As the result of committing the wire fraud offense, in violation of Title 18, United States Code, Section 1343, alleged in Count One of this Indictment, SOHAIL KHAN, a/k/a "Suhail Khan," the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property,

real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to at least $10 million, representing all proceeds obtained as a result of the offense.

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant-

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

    (Title 18, United States Code, Section 981;
    Title 28, United States Code, Section 2461; and
    Title 18, United States Code, Section 1343.)

**FORFEITURE ALLEGATION AS TO COUNT TWO**

18.     As the result of committing the money laundering offense, in violation of Title 18, United States Code, Section 1957, alleged in Count Two of this Indictment, defendant SOHAIL KHAN, a/k/a "Suhail Khan," shall forfeit to the United States pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense(s) and all property traceable to such property, including but not limited to the following:

        a.     At least $13,000 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offense or is traceable to such property.

<u>Substitute Asset Provision</u>

22.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982 and
Title 18, United States Code, Section 1957.)

_____
FOREPERSON

_____
PREET BHARARA          JSK
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

- v -

**SOHAIL KHAN,**
a/k/a "Suhail Khan,"

Defendant.

### SEALED INDICTMENT

09 Cr.

18 U.S.C. §§ 1343 and 1957

PREET BHARARA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.